UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE MIHOLICH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SENIOR LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 21-cv-1123-WQH-AGS <br><br> **ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss and/or Strike filed by Defendant Senior Life Insurance Company. (ECF No. 9).

**I. BACKGROUND**

    On June 16, 2021, Plaintiff Kyle Miholich filed a Class Action Complaint against Defendant Senior Life Insurance Company, arising from Defendant's alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq*. (ECF No. 1). On September 7, 2021, Plaintiff filed a First Amended Class Action Complaint ("FAC"). (ECF No. 8).

On September 21, 2021, Defendant filed a Motion to Dismiss and/or Strike the FAC pursuant to Rules 12(b)(1), 12(b)(6), 12(f), and 23 of the Federal Rules of Civil Procedure. (ECF No. 9). On October 13, 2021, Plaintiff filed an Opposition to the Motion to Dismiss and/or Strike. (ECF No. 15). On October 20, 2021, Defendant filed a Reply. (ECF No. 16).

## II. ALLEGATIONS IN THE FAC

Plaintiff is an individual who resides in San Diego, California. On or about October 27, 2006, Plaintiff's cellular telephone number ending in 5823 was added to the National Do-Not-Call Registry.

Defendant is a corporation headquartered in Georgia that conducts business in San Diego. "Defendant has sent multiple text messages to Plaintiff on his cellular telephone, between approximately April 27, 2021 and May 12, 2021, from the telephone numbers (855) 383-4711 and (855) 354-7422." (ECF No. 8 ¶ 11). The text messages advertised "Financed Leads," contained a link to a webinar provided by Defendant, and were "an attempt to promote or sell Defendant's services." (*Id.* ¶¶ 12-14). Plaintiff did not provide Defendant with his cellular telephone number, give Defendant permission to message it, or have an established business or personal relationship with Defendant.

The webinar linked in the text messages "was for the purpose, at least in part, to offer a service in the form of lead financing to prospective contractors." (*Id.* ¶ 16). The webinar was also for the purpose of "offer[ing] goods in the form of quality life insurance leads to prospective contractors." (*Id.* ¶ 19). Defendant "benefits commercially from the marketing campaign on various levels, including [by] cultivating a network of agents through which Defendant ultimately sells its goods and services." (*Id.* ¶ 20). Defendant "receives revenue, and compensation in turn, for its service of providing the financed leads." (*Id.* ¶ 22).

Plaintiff seeks to represent the following class:

> All persons within the United States Registered on the National Do-Not-Call Registry for at least 31 days, who received more than one telephone

solicitation made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of the Complaint.

(*Id.* ¶ 30).

Plaintiff brings two causes of action against Defendant for negligent and knowing and/or willful violation of the TCPA and implementing regulation 47 C.F.R. § 64.1200(c). Plaintiff seeks statutory damages, injunctive relief, costs and attorneys' fees, and pre- and post-judgment interest on behalf of himself and the class.

### III.  SUBJECT MATTER JURISDICTION

Defendant contends that the Court lacks subject matter jurisdiction because Plaintiff lacks standing under Article III of the United States Constitution. Defendant contends that Plaintiff has not suffered an injury in fact because Plaintiff's telephone was used for business, the text messages Plaintiff received targeted his business, and businesses have no cognizable privacy interest. Defendant further contends that any injury to Plaintiff is not fairly traceable to Defendant's conduct or redressable by Defendant because Plaintiff fails to plead sufficient facts to show that the messages were sent by Defendant or to show any relationship between Defendant and a third-party sender of the messages.

Plaintiff contends that the Court cannot determine whether Plaintiff's telephone was a residential telephone falling within the reach of the TCPA on a Rule 12(b)(1) motion. Plaintiff contends that whether the telephone was residential is a disputed issue of fact intertwined with the merits of the case. Plaintiff contends that calls to a telephone used for mixed business and residential purposes can generate a constitutionally cognizable injury to an individual's privacy interest. Plaintiff contends that the FAC alleges sufficient facts to support each element of Article III standing. Plaintiff requests discovery on the issue of jurisdiction should the Court address the issue of Article III standing.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on the basis that the court lacks jurisdiction over the action's subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject

matter jurisdiction over the action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

The issue of Article III standing is jurisdictional and is therefore "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

**Injury in Fact**

An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Article III standing requires a concrete injury even in the context of a statutory violation"—a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at

341. "As the Supreme Court explained . . ., 'both history and the judgment of Congress play important roles'" in determining whether the injury in fact requirement has been satisfied. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042-43 (9th Cir. 2017) (quoting *id.* at 340).

The TCPA prohibits telephone solicitations, including text messages, to telephones listed on the National Do-Not-Call Registry. *See* 47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any telephone solicitation to: . . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."). Personal cellular telephones can be considered "residential telephones." *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14039 (2003). The FAC alleges that Defendant violated the TCPA and an implementing regulation by texting Plaintiff's cellular telephone number, which had been placed on the National Do-Not-Call Registry. The FAC alleges that Defendant's actions invaded Plaintiff's privacy. The Court of Appeals has held that the invasion of a consumer's privacy caused by a violation of the TCPA is generally a cognizable injury for the purpose of Article III standing. *See Van Patten*, 847 F.3d at 1043. The facts alleged in the FAC are sufficient to facially satisfy the requirement of an injury in fact.

Defendant raises a factual challenge to Plaintiff's alleged injury, asserting that Plaintiff has not suffered a cognizable injury because Plaintiff's telephone was used for business and thus falls outside the protection of the do-not-call provisions of the TCPA. The do-not-call provisions of the TCPA only protect "residential telephone subscribers," not businesses. *Id.*; *see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) ("The TCPA was enacted to 'protect the privacy interests of residential telephone subscribers . . . ." (quoting S. Rep. No. 102-178, at 1 (1991))). "To the extent that some business numbers have been inadvertently registered on the national registry, calls made to such numbers will not be considered violations of [the TCPA]." *In the Matter of Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 F.C.C.R. 3788, 3793 (2005). Furthermore, businesses have not historically been understood to have the type of privacy rights at issue in this case. *See* Restatement (Second) of Torts § 652I (Am. Law. Inst. 1977) ("Except for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded."); *id.* at cmt. c ("A corporation, partnership or unincorporated association has no personal right of privacy."); *see also Van Patten*, 847 F.3d at 1043 (looking to the Restatement of Torts in determining that an individual right to privacy has historically been recognized). Solicitations to business telephones that have been registered on the National Do-Not-Call registry do not, by themselves, result in a cognizable privacy-related injury.

"[T]he failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction," unless the claim at issue is "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). As a result, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an argument." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). The jurisdictional question in this case—whether Plaintiff suffered a cognizable injury—depends on the resolution of a factual issue going to the merits of Plaintiff's claims—whether Plaintiff's cellular telephone is a residential telephone falling within the definitional reach of the TCPA or is a business telephone outside the reach of the TCPA. *See id.* ("The ability of Sun Valley to allege a claim that comes within the definitional reach of the PMPA is a matter that goes to the merits of the action."). The Court may only grant Defendant's motion if Defendant is entitled to prevail as a matter of law because the question of whether Plaintiff was injured is intertwined with key substantive issues in the case. *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that

6

21-cv-1123-WQH-AGS

resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should . . . grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.").

Defendant submits evidence establishing that Plaintiff's telephone number is listed as the "Business Phone" number for Defendant's insurance business on the California Department of Insurance licensing database.  (ECF No. 9-3 at 2).[1]  Plaintiff responds by submitting a Declaration in support of his Opposition, which states that "[t]he telephone number ending [in] 5823 is my personal cellular telephone number, which I use to make and receive a variety of calls, including but not limited to personal calls with family members and friends."  (ECF 15-1 at 2).

The term "residential telephone subscriber" is not defined by the TCPA. Determining whether a cellular telephone line is residential is "fact-intensive," *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 18 F.C.C.R. at 14039, and the Federal Communications Commission has recognized that at least some telephones used for both business and personal purposes may fall within the TCPA's do-not-call protections, *see In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act*, 20 F.C.C.R. at 3793 ("We also decline to exempt from the do-not-call rules those calls made to 'home-based businesses'; rather, we will review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber.").  The Court is unable to conclude as a matter of law that Plaintiff was not a residential telephone subscriber covered by the TCPA based on the

---

[1] Defendant also requests that the Court take judicial notice of a complaint filed in a separate case.  This request is denied as untimely because it was raised for the first time in Defendant's Reply.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that a litigant "should have been given some opportunity to respond to the propriety of taking judicial notice"); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1284 (C.D. Cal. 2016) ("[M]oving parties can't save arguments or requests to spring on an opponent for the first time in a reply brief.").

limited evidence presented by the parties. Plaintiff has alleged and presented sufficient facts to support the existence of an injury in fact at this stage in the litigation.

**Traceability and Redressability**

To establish constitutional standing, an injury must be "fairly traceable to the challenged action of the defendant," and it must be "likely . . . that the injury will be redressed by a favorable decision." *Lujan*, at 560-61. Defendant asserts that the allegations contained in the FAC are insufficient on their face to establish traceability and redressability.

The FAC alleges that "Defendant has sent multiple text messages to Plaintiff on his cellular telephone, between approximately April 27, 2021 and May 12, 2021, from the telephone numbers (855) 383-4711 and (855) 354-7422." (ECF No. 8 ¶ 11). The FAC alleges that "[t]he text messages advertised "Financed Leads," contained a link to webinar provided by Defendant, and were "an attempt to promote or sell Defendant's services." (*Id.* ¶¶ 12-14). Other district courts have recognized that something beyond a bare allegation that a defendant initiated a call or text is needed to show that a telephone solicitation is attributable to a particular defendant under the TCPA. *See, e.g., Frank v. Cannabis & Glass, LLC*, 19-cv-250-SAB, 2019 WL 4855378, at *3 (E.D. Wash. Oct. 1 2019). However, the content of the text messages in this case—allegedly advertising financed leads and linking to Defendant's webinar making similar offers—supports an inference that Defendant sent the text messages to Plaintiff. The FAC's factual allegations are sufficient at this stage in the litigation to establish that Plaintiff's injury is traceable to Defendant and that a favorable outcome in this case would redress Plaintiff's harm. Defendant's Motion to Dismiss on the basis of lack of standing is denied.

**IV.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under

Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)).

Defendant requests that the Court dismiss Plaintiff's claims under Rule 12(b)(6) on the grounds that (1) Plaintiff lacks statutory standing because Plaintiff's cellular telephone was a business telephone that falls outside the protection of the TCPA's do-not-call provisions; (2) Plaintiff fails to state a claim for relief because the FAC does not adequately allege that Plaintiff is a residential telephone subscriber; and (3) Plaintiff fails to adequately allege facts suggesting that Defendant physically sent the text messages received by Plaintiff or had control over a third party that sent the messages. The Court has concluded that the factual allegations in the FAC plausibly support an inference that Plaintiff is a residential telephone subscriber at this stage in the litigation.[2] The Court has also concluded that the FAC's allegations support an inference that Defendant sent the text

---

[2] Defendant requests that the Court take judicial notice of the Declaration of Alexandra N. Krasovec and an exhibit offered in support of Defendant's motion. Consideration of these documents in connection with the Rule(12)(b)(6) motion is unnecessarily duplicative because the Court already considered these documents in denying Defendant's factual challenge to subject matter jurisdiction under Rule 12(b)(1). Defendant's request for judicial notice is denied. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

messages to Plaintiff.  Defendant's Motion to Dismiss for failure to state a claim on these grounds is denied.

Defendant also contends that the text messages are not telephone solicitations prohibited by the TCPA because they were for the purpose of recruiting Plaintiff as an independent contractor rather than to sell him goods or services.  Plaintiff contends that the text messages offered goods and services.  Under the TCPA, telephone solicitation is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . . ."  47 U.S.C. § 227(a)(4).  The FAC alleges that the text messages advertised "Financed Leads," contained a link to webinar provided by Defendant, and were "an attempt to promote or sell Defendant's services." (ECF No. 8 ¶¶ 12-14).  The FAC alleges that the webinar linked in the text messages "was for the purpose, at least in part, to offer a service in the form of lead financing to prospective contractors." (*Id.* ¶ 16).  The FAC alleges that the webinar was also for the purpose "to offer goods in the form of quality life insurance leads to prospective contractors." (*Id.* ¶ 19).  The FAC alleges that Defendant "benefits commercially from the marketing campaign on various levels, including cultivating a network of agents through which Defendant ultimately sells its goods and services," (*Id.* ¶ 20), and "receives revenue, and compensation in turn, for its service of providing the financed leads," (*Id.* ¶ 22).  Offers of employment are not telephone solicitations within the meaning of the TCPA.  *See Friedman v. Torchmark Corp.*, No. 12-cv-2837-IEG (BGS), 2013 WL 1629084, at *5 (S.D. Cal. Apr. 16, 2013) (holding that a message inviting an individual to attend a recruiting webinar was not a solicitation).  However, the FAC alleges facts to support an inference that the text messages were sent, at least in part, to sell goods and services to Plaintiff in the form of "quality life insurance leads to prospective contractors." (ECF No. 8 ¶ 19).  Accepting the FAC's factual allegations as true, it is plausible that the text messages constituted telephone solicitations.

Defendant contends that the second cause of action should be dismissed because the FAC fails to adequately plead that Defendant's actions were knowing or willful.  The FAC

states that Defendant engaged in "knowing and/or willful violations." (ECF No. 8 at ¶ 9). Courts in this circuit have held that this type of allegation of knowledge or willfulness is sufficient to withstand a motion to dismiss. *See Keifer v. HOSOPO Corp.*, 18-cv-1353-CAB-KSC, 2018 WL 5295011, at *5 (S.D. Cal. Oct. 25, 2018) (collecting cases). The allegations in the FAC are sufficient at this stage in the litigation to support an inference that Defendant's alleged violations of the TCPA were knowing or willful. Defendant's Motion to Dismiss for failure to state a claim is denied.

## V.  MOTION TO STRIKE

Defendant contends that Plaintiff's class allegations should be stricken for the following reasons: (1) the class definition contained in the FAC is fail safe; (2) individualized inquiries into issues such as consent predominate over common questions; and (3) the proposed class is overbroad. Plaintiff contends that striking class allegations at this stage in the litigation is premature, that membership in the proposed class can be determined through objective criteria, that consent is not a criterion for class membership, that the class is not overbroad, and that the court is able to modify the class definition at later proceedings.

Under Rule 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Striking class allegations prior to discovery and a motion for class certification is rare and generally disfavored. *See Cholakyan v. Mercedes-Benz, USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases). However, granting a motion to strike may be appropriate where "the requirements of commonality, typicality and adequacy cannot possibly be met." *Guzman v. Bridgepoint Educ., Inc.*, No. 11cv69 WQH (WVG), 2013 WL 593431, at *7 (S.D. Cal. Feb. 13, 2013). The decision of whether to grant a motion to strike lies within the sound discretion of the district court. *See Moser v. Health Ins. Innovations, Inc.*, No. 17-cv-1127-WQH-KSC, 2018 WL 325112, at *11 (S.D. Cal. 2018). The class issues raised by Defendant in this case are appropriately considered at class certification proceedings. *See id.* (stating that the determination of whether a class is fail-

safe is premature on a motion to strike).  Defendant's Motion to Strike Plaintiff's class allegations is denied as premature.

## VI. CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and or Strike (ECF No. 9) is denied.

Dated:  February 10, 2022

Hon. William Q. Hayes
United States District Court